UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MURPHY,<br><br>                                    Plaintiff,<br><br>v.<br><br>ATRADIUS COLLECTIONS, INC.,<br><br>                                   Defendant. | Case No.: 3:16-cv-00380-GPC-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 3] |

Before the Court is Defendant Atradius Collections, Inc.'s ("Defendant's") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 3.) The motion has been fully briefed. (*See* ECF Nos. 5, 6.) The Court deems the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed Defendant's motion and the applicable law, and for the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

**BACKGROUND**

This case arises out of Defendant's attempts to collect a debt allegedly owed by Plaintiff Michael Murphy ("Plaintiff"). On or about July 31, 2015, Defendant began contacting Plaintiff on his cellular phone regarding an alleged owed debt. (Compl. ¶¶ 5, 11, ECF No. 1.) Defendant frequently called Plaintiff thereafter, including but not limited to, on July 31, 2015, August 25, 2015, August 23, 2015, May 1, 2015, September 1, 2015,

1

September 8, 2015, September 11, 2015 and October 12, 2015.  (*Id.* ¶ 7.)  Plaintiff alleges that during these calls Defendant failed to immediately notify Plaintiff that it was a debt collector attempting to collect a debt.  (*Id.* ¶ 8.)  On or about November 17, 2015, Plaintiff's counsel sent a written note of representation.  (*Id.*)  Plaintiff alleges that Defendant used an "automatic telephone dialing system" (ATDS) as defined by 47 U.S.C. § 227(a)(1) to place its repeated collection calls to Plaintiff.  (*Id.* ¶ 9.)

Plaintiff's complaint asserts: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), and (2) violations of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788–1788.33 ("FDCPA").

Defendant moves to dismiss the SAC under Rule 12(b)(6), as well as for lack of subject matter jurisdiction under Rule 12(b)(1).

## LEGAL STANDARDS

**A.     Fed. R. Civ. P. 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter.  The federal court is one of limited jurisdiction.  *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986).  As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction.  *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998).  When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary.  *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id.* (quoting *Thornhill Publishing Co. v. General Telephone & Electronic Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)).  Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**B.     Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12 (b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, "the non–conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court

may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## DISCUSSION

**A.     Subject Matter Jurisdiction**

As a preliminary matter, Defendant characterizes its motion in part as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).[1] (Mot. Dismiss at 5, ECF No. 3.) When deciding a "factual" Rule 12(b)(1) motion, the burden is on the nonmoving party to prove that the court has jurisdiction, *see Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003); the court may consider evidence outside the pleadings and should not presume that the allegations of the complaint are true, *see White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000); *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988). In contrast, when deciding a 12(b)(6) motion, the court generally may only consider the face of the complaint and any documents attached to or referenced in it; the court should presume that the allegations of the complaint are true and should construe those allegations in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) (citing *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998)).

Defendant argues that the FDCPA does not apply in this case because Defendant's obligation to pay is not a "consumer debt" incurred for "personal, household, or family purposes" arising under the FDCPA, but a business–related obligation that is not governed by the FDCPA. (Mot. Dismiss at 4, 6, ECF No. 3.) Specifically, Defendant argues that Plaintiff retained CPA's services to assist in the renewal of a patent and when Plaintiff failed to pay for CPA's services, CPA forwarded the account to Defendant to collect. (*Id.*

---

[1] Although Defendant's motion is styled a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6), Defendant's motion is limited to arguments relating to the Court's subject matter jurisdiction and lacks discussion relating to the sufficiency of the Complaint.

at 4.) Defendant contends that the debt in question is commercial in nature and does not fall under the statutory definition of "consumer debt" under the FDCPA. (*Id.* at 6.) While Defendant may ultimately prevail on this question, the Ninth Circuit has held that whether a statutory requirement under the meaning of the FDCPA is met is an element of Plaintiff's claim rather than a jurisdictional threshold. *See Turner v. Hawaii First Inc.*, 903 F. Supp. 2d 1037, 1041 (D. Haw. 2012) ("whether [Defendant] is a 'debt collector' under the meaning of the FDCPA is not a jurisdictional fact, but rather an element of [Plaintiffs'] claim under the FDCPA") (citing *Bennett v. Am. Med. Response, Inc.*, 226 F. App'x 725, 727 (9th Cir. 2007). *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514–15 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."); *Fitzpatrick v. Ass'n of Apartment Owners of Kai Malu*, No. Civ. 10–00569, 2011 WL 197222, at *1 (D. Haw. Jan. 19, 2011) ("[Defendants] argue that they are not 'debt collectors' under the meaning of the FDCPA . . . . Notwithstanding the asserted jurisdictional basis of the motion, these Defendants are actually arguing that statutory requirements are not satisfied, not that there is no federal jurisdiction question. Therefore, this motion is more properly viewed as a motion to dismiss for failure to state a claim."); *Daley v. Provena Hosps.*, 88 F. Supp. 2d 881, 885 (N.D. Ill. 2000) (reviewing defendants' motion to dismiss pursuant to Rule 12(b)(6) rather than Rule 12(b)(1) because the motion questioned the applicability of the FDCPA).

Defendant's challenge the Court's subject matter jurisdiction based on the absence of a statutory requirement under the FDCPA fails. Because the FDCPA's definition of consumer debt is nonjurisdictional, the Court finds that it has subject matter jurisdiction over Plaintiffs' federal claim under 28 U.S.C. § 1331 and over Plaintiff's state law claim under 28 U.S.C. § 1367. The Court next reviews Defendant's motion to dismiss pursuant to Rule 12(b)(6).

//
//

**B.      FDCPA**

To state a FDCPA claim, the plaintiff must allege: (1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant attempting to collect the debt qualifies as a "debt collector, and (3) the defendant committed some act or omission in violation of the FDCPA. *Horowitz v. GC Servs. Ltd. P'ship*, No. 14CV2512-MMA RBB, 2015 WL 1959377, at *4 (S.D. Cal. Apr. 28, 2015); *Monreal v. GMAC Mortg.*, LLC, 948 F. Supp. 2d 1069, 1084 (S.D. Cal. 2013); *see also Gutierrez v. State Farm Mut. Ins. Co.* (*Gutierrez I*), 2012 WL 398828, at *5 (N.D. Cal. Feb. 7, 2012); *Janti v. Encore Capital Grp., Inc.*, 2010 WL 3058260, at *4 (S.D.Cal. Aug. 3, 2010). Defendant argues that the debt in question is not a "consumer debt" under the FDCPA, although Defendant appears to suggest that Plaintiff has alleged sufficient facts supporting the existence of consumer debt. (*See, e.g.,* Mot. Dismiss at 4, ECF No. 3 ("While artfully–crafted to allege that the debt is a "consumer" debt, the facts are contrary and in fact, directly the opposite.); Reply at 2, ECF No. 6 ("The Complaint avoids alleging [certain] facts, attempts to hide, by means of artful pleading, the facts that show that the claim is meritless.).)

The FDCPA defines "consumer debt" as any debt where "the subject of the transaction [is] primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). The Ninth Circuit has recognized that debts incurred for business purposes do not fall under the scope of the FDCPA. *Bloom v. I.C. Sys. Inc.,* 972 F.2d 1067, 1068–69 (9th Cir. 1992) ("The FDCPA protects consumers from unlawful debt collection practices. Consequently, the Act applies to consumer debts and not business loans."). Here, Plaintiff alleges that on numerous occasions Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. (Compl. ¶¶ 5–7, ECF No. 1.) Although Plaintiff alleges that Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and Defendant is a "debt collector" as defined by the FDCPA, *id.* § 1692a(6), that was engaged in the business of collecting "debt" as defined by the FDCPA, *id.* § 1695a(5) (Compl. ¶¶ 2–3, ECF No. 1), the Court need not accept these legal conclusions as true. Plaintiff does not allege any facts suggesting that the debt in question was a consumer debt incurred

"primarily for personal, family, or household use." 15 U.S.C. § 1692a(5). Assuming the truth of all factual allegations and construing all inferences from them in light most favorable to Plaintiff, *Thompson*, 295 F.3d at 895, the Court finds that Plaintiff has not alleged the existence of consumer debt under section 1692a(5) of the FDCPA. The Court therefore **GRANTS** Defendant's motion to dismiss.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss under Rule 12(b)(6). The Court **DISMISSES WITOUT PREJUDICE** Plaintiff's Complaint. If Plaintiff wishes, he **SHALL FILE** a first amended complaint to correct the deficiencies identified herein within thirty (30) days of the date this Order is electronically docketed. The hearing set for April 29, 2016 is hereby **VACATED**.

**IT IS SO ORDERED**.

Dated: April 27, 2016

Hon. Gonzalo P. Curiel
United States District Judge